ISAAC P. FURLONG *versus* WILLIAM C. PEARCE.

The statute limits the bringing of an action to recover back usurious interest to one year from the time of payment.

Where a negotiable note, payable at a future day, is given for the excess of interest, the limitation is not from the date of the note, but from the time the note is actually paid.

EXCEPTIONS from the ruling at *Nisi Prius* of KENT, J.

This was an action under 3d sec. of chap. 45, of Revised Statutes, to recover back money alleged to have been paid as usurious interest by plaintiff to defendant.

The plaintiff offered evidence tending to show that he obtained on loan from defendant $500 for one year, and agreed to pay 12 per cent. interest therefor. That he gave defendant a note for that sum, dated Nov. 28, 1860, payable in one year with interest, secured by mortgage on his farm, and at same time gave him another note for thirty dollars, of same date, payable to defendant or order in one year without interest, for the extra six per cent. interest.

This $30 note was paid in money in Dec., 1862. The writ in this action is dated Jan. 6, 1863. Defendant moved a nonsuit on the ground that the limitation of one year named in the statute applied, and that the giving of the negotiable note without security was such payment that the time began to run from the time of giving the note. The Court refused to order a nonsuit, and ruled that the time for

limitation to commence was when the note was actually paid in money. To which ruling the defendant excepted.

*Sanderson,* in support of the exceptions.

*Hammons, contra.*

The opinion of the Court was drawn up by

DAVIS, J. — By the R. S., c. 45, § 3, it was provided that any person paying excessive interest might recover it back of the creditor receiving it, "in an action of the case, *commenced within a year after the payment.*" The amendment of 1862, c. 136, may possibly extend the remedy to some cases not reached by the Revised Statutes. And the amendment of 1863, c. 209, limits the action to one year from the time when it accrued.

The plaintiff hired $500 of the defendant Nov. 28, 1860, agreeing to pay twelve per cent. interest. He gave one note for the amount, payable in one year, with interest, and another note for $30, payable in one year, for the excessive interest. This note was not paid until Dec., 1862; and the suit to recover back the amount paid was commenced Jan. 6, 1863. But the defendant contends that giving a *negotiable note* for the excessive interest was a *payment* of it; and that the action, therefore, was not seasonably commenced.

A negotiable promissory note is, *prima facie,* a payment of a preëxisting debt for which it is given, if due upon a simple contract, so that no action can afterwards be maintained upon the contract. But this rule was intended for the protection of the debtor; and it does not abrogate the distinction between payment by a note, and an *actual* payment, in money, or other property. And the statute under consideration has always been understood as requiring an *actual reception* of the money or other property before any right of action would accrue to recover it back. There is no valid preëxisting debt or claim for the excessive interest. And if a promissory note is given for it, either by itself, or with the principal, the law regards it not as a *pay-*

*ment*, but as merely a *promise* to pay such interest, which, if the note has not been transferred, the maker may still refuse to pay, or the holder may decline to receive. *Stevens* v. *Lincoln*, 7 Met., 525; *Saunders* v. *Lancaster*, 7 Gray, 484.

The limitation of one year was stricken from the statute by the amendment of 1862, and was reënacted by the amendment of 1863. This suit was commenced before it was reënacted. If the Legislature could thus restrict a remedy given only by statute, in suits already commenced, which we do not question, still the action was seasonably commenced. *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.